J-S40023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
EMMANUEL RENTERIA :
:
Appellant : No. 131 EDA 2022

Appeal from the PCRA Order Entered December 21, 2021
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0003746-2015

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
EMMANUEL RENTERIA :
:
Appellant : No. 132 EDA 2022

Appeal from the PCRA Order Entered December 21, 2021
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0003898-2015

BEFORE: PANELLA, P.J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.: **FILED APRIL 18, 2023**

Appellant, Emmanuel Renteria, appeals from the December 21, 2021 orders dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. We affirm.

The record reveals that, on May 12, 2016 at docket number CP-15-CR-0003898 of 2015, ("No. 3898"), a jury found Appellant guilty of ten counts of

robbery and related offenses. On April 1, 2016, at docket number CP-15-CR-0003746 of 2015 ("No. 3746"), Appellant pled guilty to three counts of robbery and one count of conspiracy to commit robbery. On July 15, 2016, the trial court imposed sentence at both dockets—an aggregate total of 28½ to 57 years of incarceration. This Court affirmed the judgments of sentence in a consolidated appeal on August 2, 2017. This Court concluded, among other things, that Appellant's challenge to the discretionary aspects of his sentence at No. 3898 was waived because he failed to preserve the issue pursuant to Pa.R.A.P. 2119(f).[1]

Appellant filed a timely first PCRA petition at both dockets on May 7, 2018. That petition was resolved by an agreement of the parties, pursuant to which Appellant was resentenced to a lower sentence at No. 3746 in exchange for dismissal of all remaining claims, including those pending as to No. 3898. The parties also agreed that, in the event of a successful challenge to the newly agreed upon sentence, the prior sentence would be reimposed. The trial court accepted the agreement and imposed the modified judgment of sentence on November 15, 2018.

On September 4, 2019, Appellant, proceeding *pro se*, filed the instant PCRA petition. The PCRA court treated it as a timely first petition challenging

---

[1]    Pa.R.A.P. 2119(f) requires that the basis for any challenge to the discretionary aspects of a sentence be preserved in a concise statement of the reasons relied upon for allowance of appeal. Pa.R.A.P. 2119(f).

J-S40023-22

the November 15, 2018 sentence and appointed counsel. Counsel filed an amended petition on April 21, 2020.

The PCRA court conducted a hearing on December 3, 2020. A year later, after a premature appeal was quashed by this Court, the PCRA court entered the order that is the subject of this timely appeal. Appellant presents two questions:

1. Did the PCRA court err when it failed to find PCRA counsel [C. Curtis] Norcini ineffective for failing to file a notice of appeal when [Appellant] requested him to do so, when Norcini brokered an agreement where [Appellant] bargained away his right to appeal in exchange for a reduced sentence?

2. Was PCRA counsel Norcini ineffective for failing to allege in his amended PCRA petition that [Appellant's] appellate counsel neglected to include the statement required by Pa.R.A.P. 2119(f) and 42 Pa.C.S.A. § 9718(b) in [Appellant's] brief challenging the discretionary aspects of sentencing?

Appellant's Brief at 4.

We conduct our review as follows:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015), *appeal denied*, 123 A.3d 331 (Pa. 2015).

Counsel is presumed effective. To overcome this presumption, the petitioner must plead and prove that (1) the underlying issue is of arguable

- 3 -

merit; (2) counsel had no reasonable strategic basis in support of the disputed action or inaction, and (3) that counsel's errors prejudiced the petitioner. **Commonwealth v. Barndt**, 74 A.3d 185, 192 (Pa. Super. 2013). To establish that plea counsel's errors were prejudicial, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." **Id.** A reasonable probability is "a probability sufficient to undermine confidence in the outcome." **Id.** (quoting **Commonwealth v. Hickman**, 799 A.2d 136, 141 (Pa. Super. 2002)).

In his first assertion of error, Appellant claims the ineffective assistance of prior PCRA counsel, C. Curtis Norcini. Appellant claims Norcini failed to file a requested direct appeal. As outlined above, in a prior PCRA proceeding, Norcini negotiated a reduced sentence at No. 3746 in exchange for the dismissal of remaining collateral claims at that docket and at No. 3989. The result was a new judgment of sentence with a reduced term of incarceration, entered on November 15, 2018. Pursuant to the parties' agreement, all other pending PCRA claims were dismissed, and a successful challenge to the new judgment of sentence would result in the reinstatement of the old one. The record reflects that Appellant understood the nature of the bargain:

> [PROSECUTOR]: We have a proposed order and agreement for Your Honor's consideration that would be to grant the petition [at No. 3746] in part and dismiss it in part.
>
> On [No. 3898], that the PCRA petition be dismissed with respect to that case number.

On [No. 3746], that [Appellant] be resentenced on Count 3, which is a first-degree robbery. Original sentence was four to eight years. The new sentence would be one and a half to three years. This is consecutive to Count 2.

[…]

This is a full resolution of all of the PCRA issues. Any other issue is dismissed.

**And [Appellant] will agree that if this is successfully challenged, that this agreement would be void, we would be back to the original sentence that was imposed[.]**

MR. NORCINI: **Your Honor, that is my understanding of the agreement in total.**

**I had the opportunity to speak to [Appellant], and he understands what is being proposed for Your Honor's consideration and hopes that Your Honor will accept that.**

[…]

THE COURT: And, [Appellant], you heard what [the prosecutor] put on the record?

[APPELLANT]: Yes, I heard.

THE COURT: So you had filed a PCRA petition.

So relative to the case where there was a trial, that petition, the portion of that petition relating to that case is dismissed.

Do you understand?

[APPELLANT]: Yes, ma'am.

THE COURT: And then on the case where you pled guilty, that sentence is being reduced.

DEFENDANT: I understand.

THE COURT: **All right. And do you understand that should you challenge this particular order at another point in**

> **time, the sentence reverts back as originally imposed[?]**
>
> [APPELLANT]: **Yeah, I understand.**
>
> THE COURT: Do you understand?
>
> [APPELLANT]: Yes, ma'am.
>
> THE COURT: Do you have any questions about anything?
>
> [APPELLANT]: No, ma'am.
>
> THE COURT: So this is acceptable to you in resolving this PCRA?
>
> [APPELLANT]: Yes, ma'am.
>
> THE COURT: All right. I'll accept the agreement. I've signed the order. And I'll sign an amended sentencing sheet as well.

N.T. Hearing, 11/15/18, at 2-5 (emphasis added). In essence, therefore, Appellant affirmed his understanding of the agreement. And, pursuant to that agreement, he had nothing to gain by appealing.

Furthermore, Norcini testified at the hearing on the instant petition that Appellant never requested an appeal of the November 15, 2018 sentence. N.T. Hearing, 12/3/20, at 32. The PCRA court found his testimony credible and Appellant's testimony to the contrary not credible. We defer to the PCRA court's credibility determinations. ***Commonwealth v. Becker***, 192 A.3d 106, 112 (Pa. Super. 2018). The record fails to support Appellant's contention that Norcini failed to file a requested appeal from the November 15, 2018 judgment of sentence.

Next, Appellant claims Norcini was ineffective for failing to raise trial counsel's ineffectiveness for failing to preserve a challenge to the trial court's

- 6 -

sentencing discretion at No. 3898. Appellant previously raised this claim in the PCRA petition that led to his November 15, 2018 resentencing. As noted above, Appellant agreed to the dismissal of his collateral claims at No. 3989—including his challenge to the trial court's sentencing discretion—in exchange for the reduced sentence at No. 3746. The PCRA precludes relief for claims that previously have been waived. 42 Pa.C.S.A. § 9543(a)(3). Because Appellant previously agreed to the dismissal of the present claim in exchange for relief on another, we conclude the present claim is waived.

Furthermore, we observe that Appellant has not attempted to plead, prove, or argue that there is any merit to the underlying challenge to the trial court's sentencing discretion at No. 3898. Failure to preserve a challenge to the discretionary aspects of a sentence is not among the errors for which a PCRA petitioner need not prove prejudice. *Commonwealth v. Liston*, 977 A.2d 1089 (Pa. 2009); *Commonwealth v. Presley*, 193 A.3d 436, 445-47 (Pa. Super. 2018), *appeal denied*, 201 A.3d 154 (Pa. 2019). Because Appellant failed to develop an argument that trial counsel's waiver, on direct appeal, of his challenge to the trial court's sentencing discretion was prejudicial to him, Appellant cannot obtain relief on this argument. *Presley*, 193 A.3d at 447.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/18/2023